CITY OF BROOKLYN, APPELLANT, *v.* CUYAHOGA COUNTY BUDGET COMMISSION ET AL., APPELLEES.
CITY OF MAYFIELD HEIGHTS, APPELLANT, *v.* CUYAHOGA COUNTY BUDGET COMMISSION ET AL., APPELLEES.
CITY OF MAPLE HEIGHTS, APPELLANT, *v.* CUYAHOGA COUNTY BUDGET COMMISSION ET AL., APPELLEES.

(Nos. 38938, 38939 and 38940—Decided June 2, 1965.)

*Mr. Robert A. Savage,* director of law, for appellant city of Brooklyn.

*Mr. Robert B. Krupansky,* director of law, and *Mr. Donald M. Robiner,* for appellant city of Mayfield Heights.

*Mr. Robert B. Krupansky, Mr. Donald M. Robiner* and *Messrs. Metzenbaum, Gaines, Schwartz, Krupansky, Finley & Stern,* for appellant city of Maple Heights.

*Mr. John F. Ray, Jr., Mr. Walter C. Kelley, Jr.,* director of law, *Mr. King A. Wilmot,* director of law, *Mr. Andrew Boyko,* director of law, *Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun* and *Mr. Stanley Webster,* director of law, for appellees.

SCHNEIDER, J. On July 10, 1963, this court decided *Reuben McMillan Free Library Assn.* v. *Mahoning County Budget Comm.,* 175 Ohio St. 191 (*McMillan*). Six months later, on January 30, 1964, the Board heard the matters involved in these appeals. The apparent failure of the Board, as disclosed by the record in these cases, to grasp the clear implication of *McMillan* that the absence of any subdivision entitled to participate in the local government fund as a party in a proceeding to review the action of the Commission in apportioning the fund vitiates the appeal, now obliges us to re-examine that case and to re-explore the labyrinth which the General Assembly has marked out for such a proceeding and a review thereof.

Section 5739.23, Revised Code, when read in composite as required by *City of Troy* v. *Miami County,* 168 Ohio St. 418, sets forth the duties and authority of a commission and provides (127 Ohio Laws 143), so far as necessary to a determination of the issues here:

"* * * The Commission, after extending to each subdivision an opportunity to be heard, and considering all the facts and information presented to it by the auditor, shall determine the amount needed by each subdivision for current operating expenses * * * in addition to revenues available from all other sources, except those revenues which a subdivision receives from an additional tax or service charge voted by its electorate, in order to enable it to carry on its essential local governmental functions.

"Within ten days after the budget commission has made its determination. the auditor shall publish a list of the subdivisions and the amount each is to receive from the local govern-

ment fund in a newspaper or newspapers of county-wide circulation.

"* * * The Commission shall apportion the estimated amount of the undivided local government fund of the county among the subdivisions in which need for additional revenues has been found, in proportion to the amount of the needs of each as so determined * * *."

This language expressly entitles each subdivision participating in the fund to be extended an opportunity to be heard. In *Budget Commission of Lorain County* v. *Board of Tax Appeals*, 176 Ohio St. 98 (*Lorain*), we held that the "fund is to be allocated by a county budget commission, or by the Board on appeal, on the basis of relative additional needs for current operating expenses * * *. *Relative additional need* is the criterion, and the allocation to *all* governmental units affected is to be made with such governing criterion in mind." 176 Ohio St. 101. Each subdivision participating in the fund is, therefore, a party to the proceedings, but the statute (Section 5739.23, Revised Code) requires no notice of the final determination of the Commission to be given except by publication as therein provided.

Section 5739.25, Revised Code, grants subdivisions disappointed with the action of the Commission the right to appeal to the Board "in the *manner* and with the *effect* provided in Section 5705.37 of the Revised Code." (Italics supplied.) Turning to that section, we discover that the path immediately turns steep and thorny. Close scrutiny discloses that if the parts not applicable here are deleted, those fragments of the section which provide a *manner* for and give *effect* to an appeal of this kind read as follows:

"The taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the Board of Tax Appeals within thirty days after the receipt of such subdivision of the official certificate or notice of such action of said commission. * * * The Board of Tax Appeals shall forthwith consider the matter presented to the commission * * * The finding of the Board of Tax Appeals shall be substituted for the findings of the commission * * *."

This paraphrase of the section is consistent with our holding in *Lorain* that the Board hears and determines the matter thereunder "*de novo* and may make such modifications and changes in the allocations to the county and the various subdivisions thereof as the evidence discloses should be made, upon a consideration of the relative additional needs of the governmental units affected and other relevant and controlling factors."

It will be observed further that this section, except for the requirement that the appeal be taken "within thirty days" from notice of the action of the Commission, provides no *manner* of appeal and neither Section 5717.01 nor Section 5717.02, Revised Code, corrects this defect.

On the other hand, the Board, in promulgating Rule 6 (3), has attempted to supply the omission. That part of the rule reads:

"(3) If the appeal is from an allocation order made by the budget commission there shall also be attached to the notice of appeal a statement.

"* * *

"(c) showing the name of each participating subdivision (as well as the name and address of the fiscal officer thereof) *which the complaining subdivision believes received more than its proper share of the allocation*; and the exact amount in dollars of such alleged over-allocation. *Only such named participating subdivisions will be considered as party appellees before the Board of Tax Appeals and no change will, in any event, be made in the amount allocated to participating subdivisions not party appellees as herein provided.*" (Italics supplied.)

So far as Rule 6 prescribes a notice of appeal, it is to be commended and approved. However, to the extent that it attempts to limit the appellees solely to those participating subdivisions which an appellant subdivision believes received more than their proper share of the allocation, it is repugnant to our conclusion as to the operative effect of Sections 5739.25 and 5705.37, Revised Code. Those sections compel the Board, upon appeal, to determine the total allocation of a county local government fund in the place of, and as if it were, the Commission,

and it follows that every subdivision entitled to participate in that fund is a necessary party to the appeal to the same extent as it is to the matter originally before the Commission.

Since the criterion before the Commission is *relative need*, so, too, the criterion before the Board is *relative need*. The Board can hardly limit its determination of relative need to the amounts requested in the budgets of all the participating subdivisions in the absence as parties of one or more of those subdivisions, since the "additional needs" reflected in the budgets represent "wants" rather than established needs. It should, as should the Commission, extend to every participating subdivision an opportunity to be heard. It should entertain such evidence as is relevant to demonstrate the actual relative or comparative needs, as distinguished from wants, of all the participating subdivisions. Then, upon the aggregate of the evidence before it, it must determine the amount of local government fund moneys to be allocated to each. Thus, the hearing is in every sense *de novo*.

But this does not mean, and nothing in our prior decisions suggests the inference, that this is any way comparable to a *trial de novo* in an appeal on questions of law and fact from a Court of Common Pleas to a Court of Appeals, as, for example, in an action for an injunction. There the burden of proof remains on the party seeking the injunction whether the *trial* proceeds solely on the record made in the lower court or upon additional evidence. In such case no statute requires that the injunction be granted, and the absence of a party who might be affected by the injunction is not jurisdictionally fatal to its issuance so long as the parties on whom it will operate are present, thus preventing a useless act by the court.

On the other hand, the proceedings under consideration here are in no sense a *trial*. The budget commission is initially charged by law to apportion the local government fund by whatever facts may be available to it. No person and no party have the burden of proof.

On appeal, the Board has a like duty, and no party bears the burden of proof to sustain the allocation of the Commission. To conclude otherwise would lead to the chaotic result

that the fund might never be allocated because of a failure of proof.

After making the allocation, Section 5717.03, Revised Code, requires the Board to certify "its decision and the date of the entry thereof upon its journal * * * by registered or certified mail to the person who is a party to such appeal or application, such persons as the law requires, and such other persons as the Board deems proper."

The record here is silent as to whom the Board chose to certify its decision. We assume that it notified the subdivisions which it considered parties under Rule 6 (3). We also assume that it failed to notify the other participating subdivisions which it did not consider parties. It ought to have notified them all. There were, in these appeals, no other "persons as the law requires" to be notified. Whatever may have been the fact of certification, and whatever ought to have been but was not done in that regard, the Board's apparent failure so to certify its decision to each participating subdivision will not be construed so as to oust this court from jurisdiction to determine whether the decision of the Board is reasonable and lawful.

Since the Board, by its own rules, did not consider every participating subdivision of Cuyahoga County a necessary party to the appeals before it, and, indeed, refused to dismiss the appeals on Euclid's motion that all participating subdivisions were not made parties thereto, we now consider that, under Section 5717.04, Revised Code, providing for appeals from decisions of the Board, only such subdivisions as were considered parties by the Board are the persons required to have the decision certified to them under Section 5717.03, Revised Code, and are, therefore, the only appellees necessary to confer jurisdiction upon this court in these appeals. Since all parties considered by the Board to have been before it were named as appellees here, we have jurisdiction.

To hold otherwise would compel the complaining subdivision to join all participating subdivisions as appellees here in order to give jurisdiction simply to review an unreviewable order, a vain and costly requirement.

A hindsight view of *McMillan* convinces us that we must

overrule it because Rule 6 (3) of the Board is a "Hobson's choice" for any subdivision appealing to the Board. If, as in these cases, the complaining subdivision follows Rule 6 before the Board and on further appeal names as appellees only those subdivisions which were parties below, it encounters *McMillan* and incurs dismissal of the appeal. On the other hand, if it ignores Rule 6 by joining all the participating subdivisions, those whose allotments are not contested are dismissable as parties to the appeal under the rule. The same complaining subdivision which is dissatisfied, in turn, with the decision of the Board is faced with the additional cost of renaming and renotifying all subdivisions as appellees in an appeal to the court simply to incur a remand of the cause to the Board for further proceedings or a dismissal of the appeal under *McMillan*.

Thus, in finding jurisdiction in these appeals, we overrule *McMillan* to the extent that it is inconsistent herewith, and we overrule Euclid's motion to dismiss. Nevertheless, for the reasons previously discussed, we find that the decision of the Board of Tax Appeals is unreasonable and unlawful and it is, therefore, reversed, set aside and held for naught, and the decision of the Budget Commission of Cuyahoga County, allocating the undivided local government fund of that county for 1964, is reinstated.

*Decision reversed.*

Smith, Matthias, O'Neill and Brown, JJ., concur.

Taft, C. J., and Herbert, J., concur in paragraph two of the syllabus and in the judgment but dissent from paragraph one of the syllabus.

Smith, J., of the Sixth Appellate District, sitting for Zimmerman, J.

Taft, C. J., concurring. In my opinion, *Reuben McMillan Free Library Assn.* v. *Mahoning County Budget Comm.* (1963), 175 Ohio St. 191, 192 N. E. 2d 67, requires dismissal of these appeals. However, we can in substance reach the same result by assuming that the appeals are properly before this court and

rendering the judgment called for by the law as announced in paragraph two of the syllabus, and the reasons given therefor in the opinion of the majority.

I, therefore, concur in paragraph two of the syllabus and in the judgment and dissent from paragraph one of the syllabus.

HERBERT, J., concurs in the foregoing concurring opinion.