LAKE COUNTY BUDGET COMMISSION, APPELLANT, *v.* VILLAGE OF WILLOUGHBY HILLS ET AL., APPELLEES.

(No. 40286—Decided March 1, 1967.)

Mr. *Fred V. Skok*, prosecuting attorney, and Mr. *Albert Obermeyer*, for appellant.

Mr. *Robert L. Steele*, for appellee Village of Willoughby Hills.

Mr. *Wayne E. Davis*, for appellee City of Mentor.

*Messrs. Cardinal & Freed* and *Mr. David P. Freed,* for appellee City of Eastlake.

*Mr. Henry R. Rand,* for appellee City of Painesville.

*Messrs. Donaldson & Colgrove,* for appellees Village of Mentor-on-the-Lake, Village of Fairport Harbor and Kirtland Township.

*Mr. Ross Avellone,* for appellee Madison Township.

*Mr. John Pollock,* for appellee Concord Township.

*Mr. Charles P. Baker, Jr.,* for appellee Village of Lakeline.

TAFT, C. J.  At the outset, it may be observed that this court has considerable doubt as to the authority of the Budget Commission of Lake County to prosecute this appeal on behalf of Lake County.  The Budget Commission is not a subdivision entitled to participate in the fund being apportioned.  Thus, the Budget Commission could not be prejudiced by any decision that the Board of Tax Appeals made.

To permit it to appeal from the decision of the Board of Tax Appeals merely because that decision was different from the one rendered by the Budget Commission would be as absurd as to allow a trial court an appeal to this court because the trial court's judgment had been reversed by the Court of Appeals.  Cf. *A. DiCillo & Sons, Inc.,* v. *Chester Board of Zoning Appeals* (1952), 158 Ohio St. 302, 109 N. E. 2d 8; *Corn* v. *Board of Liquor Control* (1953), 160 Ohio St. 9, 113 N. E. 2d 360. See also Section 5705.37, Revised Code, authorizing appeal to the Board of Tax Appeals from a decision of the Budget Commission by "taxing authority of any subdivision," and Section 5705.01, Revised Code, defining "subdivision" as including a county and "taxing authority" as meaning "in the case of any county, the Board of County Commissioners."  But see Sections 5717.04 and 5717.03, Revised Code, authorizing appeal by "person" to whom a decision is certified by the board.  Cf. *Brooklyn* v. *Cuyahoga County Budget Comm.* (1965), 2 Ohio St. 2d 181, 187, 188, 207 N. E. 2d 764.

However, this court does have jurisdiction of the subject matter of this appeal.  Also, the county, upon whose behalf the appeal is prosecuted, was definitely prejudiced by the decision appealed from.  Hence, because the question as to the authority

of the Budget Commission to prosecute the appeal on behalf of the county has not been raised by any of the parties to the appeal, we will disregard the question as to whether it has such authority. See *Mantho* v. *Board of Liquor Control* (1954), 162 Ohio St. 37, 120 N. E. 2d 730. Cf. Sections 2309.08 and 2309.10, Revised Code, declaring that the right to object to lack of capacity of a plaintiff to sue may be waived by failing to object thereto by answer or demurrer.

Before the Board of Tax Appeals, a motion was made to dismiss each appeal to the board because the Painesville Township Park District had not been joined as an appellee. In support of this motion, which the board overruled, it was argued that Section 5739.20, Revised Code, defines subdivision to include a park district, that Sections 5739.21 to 5739.23, Revised Code, provide for apportionment to local subdivisions from the county's local government fund, and that this court held in *Brooklyn* v. *Cuyahoga County Budget Comm., supra* (2 Ohio St. 2d 181), that "every subdivision of the county entitled to participate in" the local government fund "is a necessary party" to an appeal such as this.

However, the Painesville Township Park District has never claimed that it needed any amount for current operating expenses in addition to other revenues that it had.

Both parties recognize, as the statutes declare and this court has held, that the need of a subdivision for revenue, in addition to what it has, is an essential requirement for any apportionment to that subdivision from the county undivided local government fund. *Brooklyn* v. *Cuyahoga County Budget Comm., supra* (2 Ohio St. 2d 181); *Budget Commission of Lorain County* v. *Board of Tax Appeals* (1964), 176 Ohio St. 98, 197 N. E. 2d 803; *Lancaster* v. *Fairfield County Budget Comm.* (1962), 174 Ohio St. 163, 187 N. E. 2d 42; *Troy* v. *Miami County* (1959), 168 Ohio St. 418, 155 N. E. 2d 909.

If there were no subdivision in a county which had such a need, a different question might be presented. However, where as here the claimed needs of subdivisions of a county far exceed the estimated amount of the local government fund of the county, a subdivision therein which has no such need cannot participate in an apportionment from the local government fund of the

county; and a subdivision which does not claim to have such a need is not a necessary party to an appeal from the order of the County Budget Commission apportioning the estimated amount of such fund.

The hearing below on behalf of the Board of Tax Appeals was conducted by two attorney-examiners, and no member of that board was present. It is contended that this makes the resulting decision of the board unlawful because, on appeals from a County Budget Commission order to the board such as those in the instant case, this court held in *Brooklyn* v. *Cuyahoga County Budget Comm., supra* (2 Ohio St. 2d 181), that "the board hears and determines the matter *de novo*," and because Section 5703.13, Revised Code, requires that any "hearing which the board is authorized to hold or undertake" must be "held or undertaken by or before any one member of the board."

This contention is strengthened by Sections 5717.01 and 5717.02, Revised Code, which expressly authorize the conducting of hearings by attorney-examiners for the board on appeals from decisions of County Boards of Revision or actions by the Tax Commissioner, and the absence of such provisions with respect to appeals of the kind involved in the instant case.

However, the parties knew that this was a hearing before the Board of Tax Appeals, that it was being conducted by two examiners of that board, and that no member of the board was present. No objection to that procedure was made. We are of the opinion that, where the parties know that a hearing is being conducted by attorney-examiners for the Board of Tax Appeals and that no member of that board is present, a failure to object to having such hearing without a board member present represents a waiver of any statutory right to have at least one board member present. Cf. *State* v. *Glaros* (1960), 170 Ohio St. 471, 166 N. E. 2d 379.

The county contends that the Board of Tax Appeals did not make its determination of the needs of each subdivision, and that it failed to determine the total allocation of the local government fund in the place of and as if it were the Budget Commission, and, instead, it made its determination of the needs of each subdivision on the basis of an arbitrary, unreasonable, and unlawful formula.

In order to apportion the estimated amount of the local government fund of a county for a particular year, the Budget Commission must, to use the words of Section 5739.23, Revised Code, "determine the amount needed by each subdivision for current operating expenses * * * in addition to revenues available from all other sources [except those received from an additional voted tax or service charge] * * * in order to enable it to carry on its essential local governmental functions." *Brooklyn* v. *Cuyahoga County Budget Comm., supra* (2 Ohio St. 2d 181); *Budget Commission of Lorain County* v. *Board of Tax Appeals, supra* (176 Ohio St. 98); *Troy* v. *Miami County, supra* (168 Ohio St. 418).

After so determining the needs of each subdivision, the Budget Commission must add all those needs. The resulting total may conveniently be referred to as "total needs."

With certain exceptions not applicable in the instant case (see Section 5739.23, Revised Code), the share to be apportioned to any subdivision will be a fraction of the whole amount of the fund, which fraction will have as its numerator the needs of the subdivision and as its denominator the "total needs" of all the subdivisions of the county. See *Brooklyn* v. *Cuyahoga County Budget Comm., supra* (2 Ohio St. 2d 181); *Budget Commission of Lorain County* v. *Board of Tax Appeals, supra* (176 Ohio St. 98); *Troy* v. *Miami County, supra* (168 Ohio St. 418); Section 5739.23, Revised Code.

On appeal to the Board of Tax Appeals, the board must make the same determinations as the Budget Commission was required to make and its determinations and resulting findings replace those of the Budget Commission. *Brooklyn* v. *Cuyahoga County Budget Comm. supra* (2 Ohio St. 2d 181); *Budget Commission of Lorain County* v. *Board of Tax Appeals, supra* (176 Ohio St. 98); Sections 5739.25 and 5705.37, Revised Code.

Except as hereinafter mentioned, there is nothing in the decision of the Board of Tax Appeals or the record tending to indicate that the Board of Tax Appeals did not do this. Its decision expressly states that it did. The county contends that it did not.

In support of that contention, the county relies upon the fact that the amount of the increase in the Board of Tax Appeals apportionment to each of the 10 subdivisions that ap-

pealed to the Board of Tax Appeals and was given an increase was exactly equal to 38.38 per cent of the amount apportioned to it by the Budget Commission, that the total of those 10 increases exactly equals the decrease in the amount apportioned to the county, and that the amount apportioned to each of the other 13 subdivisions was exactly the same amount as had been apportioned to it by the Budget Commission.

Obviously, there is only a very remote possibility that the Board of Tax Appeals could have done what it says it did and reached the results which it did. In order to do so, it would at least have had to find that the amount of the "needs" of each of 10 subdivisions which had been apportioned varying amounts from $4,000 to $81,000 had been underdetermined by exactly the same percentage, and that the needs of the county had been overdetermined by the same percentage.

Unless this happened, there would have been some increase or decrease in total needs, which would have changed the denominator of the fraction to be used in determining the share of each subdivision and this would have required a redetermination of the amount of the needs of each of those 13 subdivisions that would exactly support the same dollar apportionment to each.

If the Board of Tax Appeals had made findings as to its determinations in its order of the dollar amount of the needs for each subdivision, we could readily determine whether the board had or had not made the determinations necessary to support its conclusions.

Without such findings as to such determinations by the Board of Tax Appeals, this court cannot determine with certainty that that board did not make the determinations necessary to support its conclusions, since it is mathematically, if only remotely, possible that it did.

If we should hold that the statutory requirements, that the Budget Commission (Section 5739.23, Revised Code) and the Board of Tax Appeals (see Sections 5739.25 and 5705.37, Revised Code) determine the needs of each subdivision, do not necessarily require a finding in the board's decision as to such needs, it would be possible for the Board of Tax Appeals to bury errors in a general finding such as made in the instant

case and thus make any intelligent review of its decision impossible. *Cf. Commercial Motor Freight, Inc.,* v. *Public Utilities Commission* (1951), 156 Ohio St. 360, 102 N. E. 2d 842. See also 2 Davis, Administrative Law Treatise (1958), 444, Section 16.05.

Hence, we conclude that, by imposing a duty on the Budget Commission to make such a determination of needs (Section 5739.23, Revised Code) and by providing for substituting the finding of the Board of Tax Appeals on appeal for the findings of the Budget Commission (Sections 5739.25 and 5705.37, Revised Code), the General Assembly intended to require the Board of Tax Appeals in its decision to state its finding as to the needs of each subdivision.

Since the Board of Tax Appeals did not do this, its decision is unlawful and the cause is remanded to that board for further proceedings.

*Decision reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.