BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY, APPELLANT,
v. VILLAGE OF WILLOUGHBY HILLS ET AL., APPELLEES.

[Cite as Board of County Commrs. v. Willoughby Hills,
12 Ohio St. 2d 1.]

(No. 40946—Decided October 4, 1967.)

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. Albert Obermeyer*, for appellant.

*Mr. Paul H. Torbet, Mr. Ross Avellone, Mr. Russell Adams, Mr. John Pollock, Mr. John Wiles, Messrs. Donaldson & Colgrove, Mr. Gilbert T. Cave, Mr. Henry R. Rand, Mr. Rudolph Rizzo, Mr. Charles P. Baker, Jr., Mr. Wayne E. Davis, Mr. Louis A. Turi, Mr. David P. Freed, Mr. Donald Wiper, Jr., Mr. E. W. Mastrangelo* and *Mr. Wayne R. Milburn*, for appellees.

TAFT, C. J. The foregoing determination of need based solely on proposed general fund expenditures, with certain adjustments, fails to take account of the requirements set out in paragraphs two, four, five and six of the syllabus of *Lake County Budget Commission* v. *Village of Willoughby Hills, supra* (9 Ohio St. 2d 108).

Furthermore, in the opinion in that case it is stated (page 113):

"In order to apportion the estimated amount of the local government fund of a county for a particular year, the Budget Commission must, to use the words of Section 5739.23, Revised Code, 'determine the amount *needed* by each subdivision for current operating expenses * * * in addition to revenues available from all other sources [except those received from an additional voted tax or service charge] * * * in order to enable it to carry on its *essential* local government functions.' *Brooklyn* v. *Cuyahoga County Budget Comm., supra* (2 Ohio St. 2d 181); *Budget Commission of Lorain County* v. *Board of Tax Appeals, supra* (176 Ohio St. 98); *Troy* v. *Miami County, supra* (168 Ohio St. 418)." (Emphasis added.)

As pointed out in paragraphs five and six of the syllabus of that case, the Board of Tax Appeals has the same duty as the County Budget Commission to review the *claimed needs* and to make a finding in its decision as to the *actual needs* in dollars of each of the subdivisions of the county seeking to participate in the fund.

A list of proposed general fund expenditures of a subdivision is merely a statement of *claimed needs*. Claimed needs are not necessarily equal to actual needs.

The claim of a subdivision that it needs a certain amount for an expenditure that it is authorized to make for current operating expenses does not require a determination that it needs such amount for such expenditure.

For the foregoing reasons the decision of the Board of Tax Appeals is unlawful and the cause is remanded to that board for further proceedings.

*Decision reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.