BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY,
APPELLANT, v. VILLAGE OF WILLOUGHBY HILLS ET AL.,
APPELLEES.
BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY,
APPELLANT, v. CITY OF EASTLAKE ET AL., APPELLEES.

(Nos. 41362 and 41389—Decided May 8, 1968.)

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. Albert Obermeyer*, for appellant.

*Messrs. Donaldson & Colgrove, Mr. Richard O. Colgrove, Mr. Lester W. Donaldson, Mr. Barry M. Byron, Mr. Russell Adams, Mr. John Pollock, Mr. John Wiles, Mr. Ross Avellone, Mr. Gilbert T. Cave, Mr. Wayne R. Milburn, Mr. Rudolph Rizzo, Mr. Charles P. Baker, Jr., Mr. Wayne E. Davis, Mr. Louis A. Turi, Jr., Mr. Warren Christen, Mr. David P. Freed*, director of law, *Mr. Donald W. Wiper, Jr.,* and *Mr. E. W. Mastrangelo*, director of law, for appellees.

*Per Curiam.* These cases are here for determination upon appeals by the Board of County Commissioners of Lake County, Ohio, from decisions of the Board of Tax Appeals which apportioned the undivided local government fund of Lake County for the years 1966 and 1967, respectively, for current operating expenses among various political subdivisions of that county entitled to participate therein. The decisions of the board were rendered after the decision by this court in *Board of County Commrs.* v. *Willoughby Hills*, 12 Ohio St. 2d 1, 230 N. E. 2d 344.

It is unequivocally stated in the decisions of the board, which decisions were rendered upon consideration of a large amount of evidence, that the provisions of Section 5705.37, Revised Code, were followed and that the directions contained in the case of *Board of County Commrs.* v. *Willoughby Hills, supra,* were observed, *viz.,* that the undivided local government fund for current operating expenses be allocated among the political subdivisions eligible to share therein according to *actual* and not *claimed* needs, taking into account revenues available from all other sources and excepting those revenues received from an additional voted tax or service charge.

This court does not occupy the position of a super Board of Tax Appeals but is confined to deciding whether the board has acted unreasonably or unlawfully in what it has done.

There is just so much money in the undivided local government fund for distribution among the eligible political subdivisions of a county. It is difficult to attain absolute accuracy in allocating that fund. If the division made by the Board of Tax Appeals is fair and impartial and is determined upon the basis of actual need as established by the evidence, a reviewing court may not disturb the allocation. It is only when it is apparent that the board has proceeded in an unreasonable or unlawful manner that a court may intervene.

Our examination of the records herein does not disclose that the board departed from the rules laid down by this court or that it acted unreasonably or unlawfully in the allocations made.

Accordingly, the decisions of the board are affirmed.

*Decisions affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissents on authority of *Lucas Co. Commrs.* v. *Lucas Co. Budget Comm.,* 12 Ohio St. 2d 47.