CITY OF BROOK PARK, APPELLANT, *v.* CUYAHOGA COUNTY
BUDGET COMM. ET AL., APPELLEES.

121

(Nos. 68-299, 68-300, 68-302, 68-304, 68-305, 68-306, 68-307, 68-308, 68-309, 68-312, 68-314, 68-315, 68-316, 68-317, 68-318, 68-319, 68-321, 68-322, 68-323, 68-324, 68-325, 68-326 and 68-328—Decided December 31, 1968.)

*Mr. James F. Hennessy, Mr. Robert E. Jaffe, Messrs. Webster & Barclay, Mr. Raymond D. Metzner, Mr. Andrew Boyko, Mr. Earl T. Longley, Mr. John P. Homchis, Jr., Mr. Nick A. Mandanici, Mr. Stanley G. Webster, Mr. George W. Spanagel, Mr. William T. Monroe, Mr. J. Bruce Kitchen, Mr. Ralph J. Stemberger, Mr. Walter A. Savage, Mr. Albert M. Heavilin, Mr. Arthur P. Lambros, Mr. Robert A. Kates, Mr. John J. Whitney, Mr. Joseph J. Berdis, Mr. Ford L. Noble* and *Mr. Arnold M. Edelman,* for appellants.

*Mr. Clarence L. James, Jr.,* director of law, *Mr. George J. Dinda* and *Mr. Ladd J. Tichy,* for appellee city of Cleveland.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. A. M. Braun,* for appellee Cuyahoga County.

*Mr. James V. Shipan,* director of law, for appellee city of Maple Heights.

ZIMMERMAN, J. The cause is before this court upon appeals by 23 political subdivisions of Cuyahoga County from the decision of the Board of Tax Appeals, in which the 1968 undivided local government fund of that county, amounting to $17,335,219.13, was allocated among some 63 political subdivisions of the county, including the county itself.

First, we are met by the motion of the city of Maple Heights to dismiss the appeal on the ground that this court lacks jurisdiction to consider and determine the same, because the appellants omitted to name "as parties appel-

lee the Auditor of Cuyahoga County and other persons to whom the findings of the Board of Tax Appeals were by law required to be certified by said board and to whom said board certified its findings.''

Such motion is based upon Maple Heights' interpretation of Sections 5717.03 and 5717.04, Revised Code.

In its decision of April 15, 1968, the board ordered that a copy of its entry be sent by certified mail, return receipt requested, to each counsel of record, to the Auditor, Treasurer, County Commissioners and Prosecuting Attorney of Cuyahoga County and to each fiscal officer of the political subdivisions authorized to participate in the allocation of the local government fund.

There is no suggestion that this was not done.

In the case of *Brooklyn* v. *Cuyahoga County Budget Comm.*, 2 Ohio St. 2d 181, 187, 207 N. E. 2d 764, 768, it was stated in the opinion:

''* * * we now consider that, under Section 5717.04, Revised Code, providing for appeals from decisions of the board, only such subdivisions as were considered parties by the board are the persons required to have the decision certified to them under Section 5717.03, Revised Code, and are, therefore, the only appellees necessary to confer jurisdiction upon this court in these appeals. * * *''

That holding overruled the holding in *Reuben McMillan Free Library Assn.* v. *Mahoning County Budget Comm.*, 175 Ohio St. 191, 193, 192 N. E. 2d 67, 68, that the county auditor is a necessary party in an appeal to this court from a decision of the Board of Tax Appeals allocating a county's undivided classified property tax fund.

See, also, *Lake County Budget Comm.* v. *Willoughby Hills*, 9 Ohio St. 2d 108, 111, 224 N. E. 2d 120, 123, as to the necessary parties upon an appeal from the order of a county budget commission to the Board of Tax Appeals.

Therefore, the motion of Maple Heights to dismiss the appeals herein is overruled.

In seeking a reversal of the decision of the Board of Tax Appeals, appellants register several complaints, which may be stated as follows:

1. The action of the Board of Tax Appeals in refusing to allow cross-examination of any witness was unreasonable and resulted in a denial of due process to appellants.

2. The Board of Tax Appeals erred in that, in the process of its hearing, it considered matters occurring after the hearing before the budget commission.

3. The Board of Tax Appeals, by its cursory and limited examination into claimed needs of the subdivisions, failed completely to accurately determine actual needs.

4. The Board of Tax Appeals grossly abused its discretion in over-allocating funds to the village of Bratenahl and to the city of Cleveland.

5. The Board of Tax Appeals, in limiting its consideration to receipts and expenditures in the general fund only, erroneously failed to properly determine actual needs.

6. The Board of Tax Appeals, in its allocation of local government funds, committed prejudicial error by allocating more funds than were requested in the budgets of some 12 political subdivisions.

7. The Board of Tax Appeals erroneously determined the actual needs of the Cleveland Metropolitan Park District by including $1,500,000 invested in U. S. Treasury Bills as part of the receipts of that district.

These complaints or assignments of error will be discussed and disposed of in order.

1. At the beginning of the hearing, the hearing examiner for the board clearly stated that any questions to be propounded to witnesses should be put in writing and submitted to the board, that the board would then ask the questions, and that there would be no cross-examination of witnesses except by members of the board or the hearing examiner. All written questions submitted were put to the witnesses by the board. No serious or definite objections were made to this course of procedure. As a matter of fact, one of counsel acting as chairman of appellants' committee of law directors said that he liked the prescribed method of procedure.

It was pointed out in *Brooklyn* v. *Cuyahoga County Budget Comm., supra,* 186, that a proceeding before the

board of the kind here involved is in no sense a trial with the burden of proof resting upon anyone. Such a proceeding is not an adversary one but is in the nature of an inquiry, with the duty resting upon the board to make fair allocations as needs may be shown. It seems obvious that permitting cross-examination of witnesses could easily result in prolonged and protracted hearings extending far beyond reasonable limits of time.

We do not find that appellants were prejudiced by the procedure adopted as to questions, or that due process of law was thereby denied them. Therefore, the first complaint or assignment of error is resolved against the appellants.

2. In arriving at its final determination, it was proper and justifiable for the board to consider pertinent matters which arose and developed after the submission of the tax budgets, which included *estimated* receipts and expenditures from July 1 through December 31, to the budget commission on July 15, 1967. *Actual* receipts and expenditures as of December 31, 1967, were not and could not have been known until after the latter date. For example, a number of the subdivisions included in their current operating expenses amounts representing accrued liability to police and firemen's pension funds. By act of the General Assembly, signed by the Governor on September 14, 1967, the payment of such obligations was postponed. Accordingly, the board properly excluded such elements in its calculations. Other instances of a similar nature were likewise noted and taken into account by the board.

It was the obligation of the board to reach true, factual conclusions. Had it then been apparent, the budget commission could and should have based its calculations upon those reduced expenditures, and the board had a right to do so in the *de novo* proceeding before it to reach an accurate conclusion. See *Board of County Commrs. of Clark County* v. *Budget Comm.,* 146 Ohio St. 636, 641, 67 N. E. 2d 542, 545.

3. Appellants argue that the board's examination into

claimed needs was "cursory and limited" and is not substantiated by the record. Matters pertaining to needs were thoroughly explored, and no complaints on this score are reasonably maintainable. Claimed needs were carefully weighed against actual needs, and those claimed needs which were improperly asserted were eliminated.

4 and 6. The fourth and sixth assignments of error are closely related and will be considered and discussed together.

By statute and the decisions of this court, the board, upon appeal, is required to determine actual needs as opposed to claimed needs. *Board of County Commrs.* v. *Willoughby Hills*, 12 Ohio St. 2d 1, 3, 230 N. E. 2d 344, 345. If, under the evidence, the actual needs of a political subdivision exceed its claimed needs, we see no good reason why the board may not so determine. A political subdivision should not be penalized for an honest mistake or for an excusable inadvertence in underestimating its actual needs. If it is entitled to more than it claims, it lies within the power of the board to rectify the mistake and to make an allocation in keeping with the facts developed.

Allocation by the board to some 12 of the subdivisions, including Bratenahl and Cleveland, of additional amounts over those requested appears to be based upon a reasonable determination of the actual needs of those subdivisions, and we find no sound basis for upsetting the determination of the board in those respects.

5. By their fifth assignment of error appellants contend, relying on the case of *Lancaster* v. *Fairfield County Budget Comm.*, 174 Ohio St. 163, 187 N. E. 2d 42, that the board limited its considerations to general fund receipts and expenditures and ignored proposed expenditures for current operating expenses from the receipt of special tax levy funds, and thereby reached an erroneous conclusion as to actual needs. The *Lancaster case* held that where a subdivision has a levy for current operating expenses outside the ten-mill limitation, and where it has established a special levy fund (Sections 5705.09 and 5705.10, Revised

Code), proposed expenditures from the special fund, plus any balance in the fund, should be added to proposed general fund expenditures in order to determine actual needs.

An examination of the tax budgets of the 23 appellants reveals that several of these appellants have established special revenue funds from levies outside the ten-mill limitation and that the board did not consider the proposed expenditures from these funds in determing actual needs. It appears also that certain subdivisions have not established special funds for levies outside the ten-mill limitation. If this is so, then the proposed expenditures for these purposes are already added to general fund expenditures, and the general fund receipts are overstated to the extent that special levy revenues are included.

These proposed expenditures from special funds should be subject to the same kind of searching examination by the board which general fund items receive.

These cases must, therefore, be returned to the board to consider what part of the proposed expenditures from the special funds of these appellants are to be included in the determination of their actual needs.

We find that the decision of the board is unreasonable and unlawful to the extent that it fails to consider proposed expenditures for current operating expenses from levies outside the ten-mill limitation. Therefore, in all these cases, except case No. 68-302 (Cleveland Metropolitan Park District), the decision of the board is reversed, and such cases are returned to the board for a redetermination of the actual needs of these appellants.

7. The claim is made that the board erroneously determined the actual needs of the Cleveland Metropolitan Park District by including $1,500,000 invested in U. S. Treasury Bills as a part of the receipts of that district. It would seem plain that only the interest from such an investment can be included as receipts for the purpose of arriving at actual needs and that the board erred in not so determining.

Therefore, in case No. 68-302, the decision of the

board is reversed, and such case is remanded to the board for a redetermination of the actual needs of the park district, excluding from receipts the amount invested in U. S. Treasury Bills. Upon its redetermination of the actual needs of the park district, the board should then add the actual needs of the park district, as so determined, to all other determinations of actual needs in the manner outlined in the case of *Lake County Budget Comm.* v. *Willoughby Hills, supra* (9 Ohio St. 2d 108).

The decision of the board is affirmed as to the first, second, third, fourth and sixth assignments of error but is reversed as to the fifth and seventh assignments of error with remand to the board for action not inconsistent with this opinion.

*Judgment accordingly.*

MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurs in paragraphs two, three and five of the syllabus and in the judgment, but dissents from paragraphs one and four of the syllabus.

HERBERT, J., dissenting. I dissent for the reasons stated in my dissenting opinions in *Cambridge City School Dist.* v. *Guernsey Co. Budget Comm.*, 13 Ohio St. 2d 77, and *Lucas Co. Commrs.* v. *Lucas Co. Budget Comm.*, 12 Ohio St. 2d 47.