RUSSELL TOWNSHIP, APPELLANT AND CROSS-APPELLEE, *v.*
GEAUGA COUNTY, APPELLEE AND CROSS-APPELLANT.
CHESTER TOWNSHIP, APPELLANT AND CROSS-APPELLEE, *v.*
GEAUGA COUNTY, APPELLEE AND CROSS-APPELLANT.

[Cite as Russell Twp. v. Geauga County (1976),
47 Ohio St. 2d 19.]

(Nos. 75-409 and 75-418—Decided July 7, 1976.)

20

Messrs. *Guston, Shillman & Weiss* and *Mr. David B. Shillman*, for appellant and cross-appellee Russell Township.

*Arthur T. Wincek Co., L. P. A.,* and *Mr. Arthur T. Wincek*, for appellant and cross-appellee Chester Township.

Messrs. *Weston, Hurd, Fallon, Paisley & Howley* and *Mr. John M. Baker*, for appellee and cross-appellant.

*Per Curiam.* Before passing upon some of the other specific complaints made by the townships in their appeals, and by the county in its own appeal, discussion of the effect of the county budget, incomplete and in imbalance when filed, is in order. Quite clearly, the filing of a partial, incomplete budget circumvents the right of the public

to inspect subdivision budgets as provided by R. C. 5705.30, and makes performance of the various duties imposed upon the county budget commission by the applicable statute more difficult. Such failure of the subdivision to file a complete budget is not to be condoned, but the sanction contained in R. C. 5705.30, *supra*, fn., specifically applies only to the failure of a subdivision to file a budget, and cannot by its language be triggered by failure to complete parts of the prescribed budget forms before filing. Under the facts of this appeal, a budget was filed. Although the budget as filed was in some respects incomplete, much of the omitted information was obtained, verified, and considered by the budget commission before making its allocation of the local government fund.

The evidence provided discloses that the omitted figures were at all times available, capable of ascertainment, and not subject to change. The omitted figures, whether included in the budget in a timely way or not, once obtained, were properly considered by the budget commission in computing needs for the purpose of allocating the local government fund. This decision was not unlawful under *Wise* v. *Twinsburg, supra* (36 Ohio St. 2d 114). That case, cited by the Board of Tax Appeals as authority for its actions, did not decide that the information in the budget, added after the budget was filed, cannot be considered by the commission in allocating the local government fund. Rather, it held that tax levies could not exceed needs as disclosed by the budget.

We conclude that the Board of Tax Appeals erred in excluding the special fund information from its recomputation determining needs for the purpose of allocating the local government fund, to the extent that its order was affected by the omission.

Nor do we see that the so-called deficit budget presented by the county in any way violates statute or case law which concerns allocations of the local government fund. See *Cuyahoga* v. *Budget Comm.* (1971), 27 Ohio St. 2d 22. Information required by R. C. 5705.29 is furnished

in contemplation that any budgeted deficit will be brought into balance by the actions of the budget commission authorized in R. C. 5705.32, 5705.34 and 5705.35, and, in part, by the allocation of the county individual local government fund under R. C. 5747.51. It should be noted that the latter section and applicable case law specifically authorize the commission to adjust claimed need to reflect actual need, as was done herein by the Board of Tax Appeals in its *de novo* hearing. *Brook Park* v. *Budget Comm.* (1968), 16 Ohio St. 2d 119; *Bd. of Co. Commrs.* v. *Willoughby Hills* (1968), 14 Ohio St. 2d 163.

Although appellant Chester complains that the county's budget includes estimated expenditures for permanent improvements which were not taken into account by the board, the record discloses no evidence compelling a finding that any of the items asserted to be permanent improvements had a life or usefulness as required by R. C. 5705.01(E). Hence, the board's failure to address appellant's complaint in this respect does not render its order unreasonable or unlawful.

We conclude that federal revenue sharing funds were properly excluded by the board from its computation of needs of the appellants. Those who are entitled to participate in any appropriation or revenues of a subdivision or taxing unit are not required by R. C. 5705.28, or by any form prescribed by the bureau of supervision of public officers, to include such funds in estimates to be filed under that statute.

The reduction by the board of Geauga County's increase in estimated general fund figures of 1975 by 40 percent was based upon a conclusion by the board that the stated needs reflected an exaggerated increase from 1974, overstating the effect of inflationary forces. That reduction was a discretionary act of the board specifically authorized by the following language in R. C. 5747.51(B):

"* * * Nothing in this section prevents the budget commission [or the Board of Tax Appeals upon *de novo* hearing], for the purpose of apportioning the undivided

24

local government fund, from inquiring into the claimed needs of any subdivision as stated in its tax budget, or from adjusting claimed needs to reflect actual needs. * * *"

Such adjustments made or approved by the board will not be disturbed by this court unless it appears that an abuse of discretion has occurred. In *Bd. of Co. Commrs. of Clark County* v. *Budget Comm.*(1946), 146 Ohio St 636, at page 641, we stated:

"* * * This court will not determine anew the needs of these subdivisions and, if the amount fixed by the Board of Tax Appeals is reasonable, its factual finding will not be disturbed here on the ground that a different finding as to amount might comport more nearly with the court's idea of the respective needs of the subdivisions. * * *"

Cross-appellant charges that use by the board of estimated figures and values, utilizing the estimated year-end balance from Chester Township and, allegedly, the actual year-end balance of Russell Township, in computing needs for the purpose of the allocation, is inconsistent and unlawful.

We do not conceive, however, that any flat rule need be made requiring the board to use year-end actual balances to the exclusion of estimated figures in arriving at the re-computation necessary for its *de novo* allocation of the local government fund, or to use only estimated figures. This court, in *Bd. of Co. Commrs. of Clark County* v. *Budget Comm., supra,* at pages 640-641, stated:

"* * * the fact that the Board of Tax Appeals received in evidence these different factual matters did not make its decision unlawful, nor does it necessarily follow that because a revised budget request or estimate of expenditures was received in evidence the decision is unlawful. In proper cases such revised requests or estimates may be received, otherwise mistaken or obviously wrong estimates could not be corrected. * * *. What weight should have been given to the revised estimates submitted by the city of Springfield was a matter for the determination of the Board of Tax Appeals in the exercise of its discretion."

In *Brook Park* v. *Budget Comm.*, *supra* (16 Ohio St. 2d 119), at paragraph three of the syllabus, we said:

"Upon an appeal to the Board of Tax Appeals from an allocation of the undivided local government fund by a county budget commission among the various political subdivisions of the county, the board *may* consider actual receipts and expenditures which occurred after the submission of the tax budgets to, and after the date of hearing before, the budget commission, to accurately determine the actual needs of the various political subdivisions entitled to participate in such funds for the year involved. * * *" (Emphasis added.)

Each of these cases points to the fact that the board, in a *de novo* hearing, may receive estimates or actual year-end figures, and, as in all other cases, fashion therefrom a decision both reasonable and lawful.

The enactment of R. C. 5747.51 and 5747.52 (and particularly item 11 of the latter statute) subsequent to the *Brook Park* v. *Budget Comm.* case, *supra*, does not demonstrate, as argued by the appellant Chester, an intention of the legislature to reverse our holding in that case. The statutory purpose of the language was to authorize the budget commission's use of estimates, and not, in a proper case, as was stated in *Bd. of Co. Commrs. of Clark Co.* v. *Budget Comm.*, *supra*, to exclude from the board's consideration evidence tending to prove that estimates used by the budget commission are mistakes or obviously wrong. What is required upon *de novo* hearing is that all available evidence be considered, and that the decision be not unreasonable in light thereof.

Since some reconsideration and recomputation of the allocations here on appeal are needed, the cause is reversed and remanded to the board for further proceedings not inconsistent with this opinion.

*Decisions reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., concurring. In my opinion the majority herein ignores the decision in *Cleveland* v. *Budget Comm.* (1976), 47 Ohio St. 2d 27, decided this date, and for that reason, I am constrained to add the following comments:

In *Cleveland*, the court, in reversing the decision of the Board of Tax Appeals, stated that:

"* * * The board has the duty to determine the allocation of the local government fund *de novo*, not simply to affirm or reverse the decision of the county budget commission. * * * That allocation must be based upon some ascertainable and reasonable standard and upon the evidence presented. [Citations omitted.]

"Because the opinion of the board fails to set out adequate reasons, supported by evidence, for its finding that a 22 percent increase in Cleveland's expenditures accurately reflects the city's actual needs, the decision of the board is reversed and the cause remanded for further proceedings in conformity with this opinion."

The same result should obtain in the instant cause, because the board's conclusional statement that "a 15% increase in proposed general fund expenditures for the county for 1975 would be a most reasonable increase and would more properly reflect the actual needs of the county" is insufficient in light of the requirement, in *Cleveland*, that the opinion of the board "set out adequate reasons, supported by evidence, for its finding * * *."

For the foregoing reason, I concur in the judgment of reversal.