CITY OF CLEVELAND, APPELLANT, *v.* BUDGET COMMISSION OF
CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as Cleveland v. Budget Comm. (1976), 47
Ohio St. 2d 27.]

(No. 75-580—Decided July 7, 1976.)

*Mr. James B. Davis*, director of law, *Messrs. Baker, Hostetler & Patterson, Mr. Alan G. Rorick, Mr. Richard R. Hollington, Jr.*, and *Mr. Louis A. Colombo*, for appellant.

*Per Curiam.* The city of Cleveland argues that the city's actual needs are reflected by clear evidence, contained in 115 pages of the transcript before the Board of Tax Appeals. That evidence, the city contends, compels increased expenditures to meet rising crime rates, a 21.9 percent increase in crime in 1974 over 1973, and an estimated 40 to 50 percent increase in 1975 over 1973.

Additionally, appellant asserts that 1974 police expenditures were financed in part by federal revenue sharing funds, federal test grants, and revenues from the sale of a capital asset of the city, which revenues are not recurring; and that 1975 expenditures include a built-in escalation for an adopted hospitalization plan, for police salaries (pursuant to a charter provision requiring Cleveland police to be paid "3% more than policemen in any Ohio city with population in excess of 50,000"), and for other fixed costs (public employee retirement benefits and overtime pay).

It is on the basis of this evidence that the appellant argues that its needs as stated in the budget are unrefuted, and that the reduction of the dollar amount therein is "against the manifest weight of the evidence."

We conclude that the evidence does not compel such a finding, nor does it require this court to review the record for the purpose of substituting our judgment for that of the Board of Tax Appeals. As we pointed out in *Russell Twp.* v. *Geauga* (1976), 47 Ohio St. 2d 19, and in a long line of government fund allocation cases:

"This court does not occupy the position of a super Board of Tax Appeals but is confined to deciding whether the board has acted unreasonably or unlawfully in what it has done.

"There is just so much money in the undivided local government fund for distribution among the eligible politi-

cal subdivisions of a county. It is difficult to attain absolute accuracy in allocating that fund. If the division made by the Board of Tax Appeals is fair and impartial and is determined upon the basis of actual need as established by the evidence, a reviewing court may not disturb the allocation. It is only when it is apparent that the board has proceeded in an unreasonable or unlawful manner that a court may intervene." *Bd. of Co. Commrs.* v. *Willoughby Hills* (1968), 14 Ohio St. 2d 163, 164.

When a subdivision has in a prior year expended for public purposes federal funds obtained by revenue sharing or other federal grant, the fact that such funds may not be available in the current year does not mandate a finding by the board that the deficit thus resulting represents a "need" as opposed to a "want." Such is bootstrap logic, as is the proposal that public employee benefits become actual needs merely because they have been authorized to be paid.

Needs must relate to actualities and the availability of financial resources. This is particularly true when the local government fund is allocated pursuant to R. C. 5747.51. As this court, per Justice Schneider, pointed out in *Cuyahoga County* v. *Budget Comm.* (1971), 27 Ohio St. 2d 22, at pages 24-25:

" * *. * actual needs of any one subdivision is but one facet of the problem and that even if they are completely justified as regards one subdivision * * * the Board of Tax Appeals * * * is required to compare those actual needs with the equally justifiable actual needs of each and every other subdivision to arrive at its determination. * * * " See *Budget Comm.* v. *Bd. of Tax Appeals* (1964), 176 Ohio St. 98, 101.

Nor do the provisions of R. C. 5747.51, which authorize appearances by each subdivision at hearings in connection with the allocation of the local government fund, establish a truly adversary hearing. The failure of competing subdivisions to appear and contest the claims of other subdivisions adds no weight to that evidence. Since neither the complainants nor the board is under a statutory duty to dis-

prove claimed needs, a discussion of weight of evidence is inappropriate.

Proof that the board's decision is arbitrary and unreasonable is the appellant's burden upon appeal. That burden cannot be met by claims of evidentiary weight, especially upon evidence which does not compel the finding in support of which it is presented.

The board in its opinion relied upon the following facts in concluding that Cleveland's budget, upon which its claims rest, was unrealistic, and that the city had exaggerated its actual needs:

"* * * In order to balance this budget the city estimated that it would receive $74,228,514.00 from the 1975 Cuyahoga County Local Government Fund, whereas the total * * * [f]und was only $28,663,322.06 and the total fund is required to be distributed and divided among all the political subdivisions in the county based upon their respective actual needs.

"It is further noted that the 1975 tax budget of the city of Cleveland has proposed expenditures in its general fund in the amount of $157,952,014.00 whereas its total expenditures from this fund in prior years is as follows:

| 1972 | 1973 | 1974 |
|------|------|------|
| $94,142,933.00 | $95,468,169.00 | $99,595,777.00 |

"In other words, the city of Cleveland, in its 1975 general fund tax budget has estimated that its proposed expenditures be 68 percent more than they were in calendar year 1974.

"We have reviewed the testimony of appellant's witnesses and we realize that the normal and extraordinary expenses of the city of Cleveland are becoming greater, year after year; but we also realize that the normal and abnormal expenses of the other political subdivisions are also increasing as indicated by the tax budgets filed with us."

However, while we agree that the Board of Tax Appeals need not accept, and is not bound by, the claimed needs of the city, we also cannot affirm the decision reached by the board in this case.

The only language in the board's opinion in support of the board's decision to recognize only a 22 percent increase in the city's needs is the following:

"We find that an increase of about 22 percent in the 1975 general fund proposed expenditures over 1974 expenditures would more accurately reflect the *actual needs* of the city as contrasted with the 68 percent increase which reflects *claimed needs*. We find that the legislature, by the enactment of Revised Code Section 5547.51(B) has wisely given the budget commission some discretion in the determination of actual needs; and, as before noted, the Board of Tax Appeals in a case of this kind sits in the place of, and, as if it were, the budget commission."

Nowhere does the board give any reason or evidence for its finding that a 22 percent increase more accurately reflects the actual needs of the city than a 68 percent increase—or than any other figure one might choose. The board has the duty to determine the allocation of the local government fund *de novo*, not simply to affirm or reverse the decision of the county budget commission. *Brooklyn v. Cuyahoga County Budget Comm.* (1965), 2 Ohio St. 2d 181, 207 N. E. 2d 764; *Budget Comm. of Lorain County v. Bd. of Tax Appeals* (1964), 176 Ohio St. 98, 197 N. E. 2d 803. That allocation must be based upon some ascertainable and reasonable standard and upon the evidence presented.

Because the opinion of the board fails to set out adequate reasons, supported by evidence, for its finding that a 22 percent increase in Cleveland's expenditures accurately reflects the city's actual needs, the decision of the board is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.