VILLAGE OF BUCKEYE LAKE, APPELLANT, *v.*
LICKING COUNTY BUDGET COMM., APPELLEE.

[Cite as Buckeye Lake *v.* Licking Cty. Budget Comm.
(1986), 21 Ohio St. 3d 12.]

(No. 85-165—Decided January 2, 1986.)

*Jones, Norpell, List, Miller & Howarth* and *J. Michael King,* for appellant.

*Robert L. Becker,* prosecuting attorney, and *Gerald A. Erhard, Jr.,* for appellee.

*Per Curiam.* This case concerns the method of apportionment to be used by a county budget commission to accommodate a new subdivision in the allocation of a county's undivided tax fund. No statute exists which sets forth a procedure to be followed in such an instance. (Cf. R.C. 707.28 which sets forth the procedure for dividing township property and funds in the township treasury when a village is created from a portion of a township.)

The allocation of the undivided local government fund among subdivisions is governed by R.C. 5747.50 through 5747.55.

R.C. 5747.52 sets forth the form to be used by the budget commission to calculate the shares of the undivided local government fund to be allocated among the subdivisions as required by R.C. 5747.51. It requires the budget commission to consider the estimated revenue to be received by the subdivision from various sources and to deduct certain expenditures.

R.C. 5747.53 authorizes a county budget commission to adopt an alternative method of apportionment and provides in relevant part:

"(A) In lieu of the method of apportionment of the undivided local government fund of the county provided by section 5747.51 of the Revised Code, the county budget commission may provide for the apportionment of such fund under an alternative method or on a formula basis as authorized by this section. Such alternative method of apportionment shall have first been approved by all of the following governmental units; the board of county commissioners; the legislative authority of the city, located wholly or partially in the county, with the greatest population; and a majority of the boards of township trustees and legislative authorities of municipal corporations, located wholly or partially in the county, excluding the legislative authority of the city with the greatest population. * * * Any

method of apportionment adopted and approved under this section may be revised, amended, or repealed in the same manner as it may be adopted and approved. In the event a method of apportionment adopted and approved under this section is repealed, the undivided local government fund of the county shall be apportioned among the subdivisions eligible to participate therein, commencing in the ensuing calendar year, under the apportionment provided in section 5747.52 of the Revised Code, unless a new method for apportionment of such fund is provided in the action of repeal.''

Licking County adopted an alternative method of allocation in 1972 which remains in effect today. The alternative formula, unlike the statutory one, includes a subdivision's income tax as a factor and takes into consideration four years' actual figures plus one year of current and one year of estimated figures. At the time appellant sought to participate in the allocation it had no actual figures to rely on and had supplied an estimate of revenues from the undivided local government fund of $10,000. Because of the lack of actual figures or reliable estimates the budget commission divided Union Township's allocation, giving one-third to appellant.

Appellant contends that this action constituted a modification of the alternate method of apportionment which was unlawful because it was not adopted and approved by the subdivisions as required by statute. It is correct to say that the budget commission did not formally amend the allocation formula in the manner prescribed by statute. However, we cannot agree with appellant's contention that the action of the budget commission modified the allocation formula. The budget commission retained the same formula, and merely modified its application as to appellant. The formula was applied as it had been in the past to all the other subdivisions.

Appellant also contends that the budget commission was required to use the statutory formula set forth in R.C. 5747.52. However, appellant does not indicate how the statutory formula would be implemented. It suggests that under the statutory formula it would receive the $10,000 estimate it included in its budget. However, under any formula, the budget commission is not required to accept appellant's estimates. R.C. 5747.51 (B) provides that ''* * * [n]othing in this section prevents the budget commission, for the purpose of apportioning the undivided local government fund, from inquiring into the claimed needs of any subdivision as stated in its tax budget, or from adjusting claimed needs to reflect actual needs. * * *'' See, also, *Russell Twp.* v. *Geauga Cty.* (1976), 47 Ohio St. 2d 19, 23 [1 O.O.3d 12].

It is evident that appellant's claimed estimate of $10,000 was unreasonable inasmuch as that amount exceeded the amount allocated to all of Union Township before appellant became a separate subdivision.

Appellant also claims that the budget commission abused its discretion by allocating to it a flat one-third of Union Township's share rather than

making further investigation into appellant's needs. Again, however, appellant does not indicate how this could be accomplished with no actual figures or reliable estimates. The budget commission did consult with the Tax Commissioner and the probate court (which handled the division of funds and property under R.C. 707.28) for direction. Considering the lack of statutory guidelines, we cannot conclude that the budget commission abused its discretion. Rather, the budget commission devised a practical solution to permit appellant to participate in the allocation of the local government fund.

The Board of Tax Appeals' decision upholding this action was not unreasonable or unlawful and it is, therefore, affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.