BOARD OF COUNTY COMMRS. OF SCIOTO COUNTY ET AL., APPELLANTS, *v.* SCIOTO COUNTY BUDGET COMM. ET AL.; CITY OF PORTSMOUTH, APPELLEE.

[Cite as Bd. of County Commrs. v. Budget Comm., 17 Ohio St. 2d 39.]

40

(No. 68-280—Decided February 19, 1969.)

*Mr. Charles L. Huddleston, Jr.,* and *Mr. Harry T. Herdman,* for appellants.
*Mr. Edward V. Leach, Jr.,* city solicitor, for appellee.

O'NEILL, J. The first question to be determined by this court may be stated thus: Is it mandatory that the Board of Tax Appeals give credit for "those revenues which a subdivision receives from an additional tax or service charge voted by its electorate," as provided in Section 5739.23, Revised Code, if said revenues are used to pay expenses that are lawfully payable from the general fund?

The electorate of Scioto County voted levies outside the ten-mill limitation for tuberculosis, child welfare and retarded children. It is agreed that all these expenses are current expenses, lawfully payable from the general revenue fund. The Board of Tax Appeals, however, did not consider the proposed expenditures for these purposes as needs of Scioto County, payable from the general fund.

This question was determined by this court in *Lancaster* v. *Fairfield County Budget Comm.*, 174 Ohio St. 163, where it is stated, at page 165:

"* * * The fund is to be apportioned on the actual cost of the operating needs during the period without consideration of * * * funds arising from special tax levies."

To hold otherwise would penalize the people who have voted additional taxes upon themselves to pay the cost of certain needs of the county so that the revenue in the general revenue fund, which would otherwise be available to pay the cost of those needs, can be used to meet other necessary expenses of the county. There is no reason for any county electorate to vote additional taxes upon itself to cover certain needs if this additional taxation is to result in a reduction of the county's allocation from the local government fund.

The decision of the Board of Tax Appeals with regard to this allocation was unlawful and the decision of the board in this respect is, therefore, reversed and the cause is remanded to the board for a redetermination of the allocation.

The second question to be determined is: Can the Board of Tax Appeals apportion to a subdivision from the

local government fund an amount in excess of its claimed needs, as set forth in the proposed budget submitted to the County Budget Commission?

The Board of Tax Appeals had before it all the evidence concerning the needs of the city of Portsmouth, and the board had the authority to determine those needs based upon the evidence before it. If the evidence before the board supports a need greater than that which was presented to the budget commission, there is no lawful reason why the Board of Tax Appeals should not allow the city of Portsmouth its actual needs, so long as the findings of the board are supported by the evidence and are not unreasonable or unlawful in their effect on other political subdivisions. *Brook Park* v. *Budget Comm.*, 16 Ohio St. 2d 119, paragraph four of the syllabus.

The action of the board with regard to this question is neither unreasonable nor unlawful.

The third question to be determined can be stated thus: Is it unreasonable or unlawful for the Board of Tax Appeals to arbitrarily delete funds included in the general fund budget, the appropriation of which is mandatory under Sections 315.11 and 315.12, Revised Code?

In the budget, as submitted by Scioto County, the amount of $82,165, was listed as an expenditure under personal service for the office of county engineer. The Board of Tax Appeals deleted this sum from the proposed expenditures, deducting this amount in its computations, thereby reducing the proposed needs of Scioto County from $1,259,204.59 to $1,175,839.59.

The position of the appellants is that Section 315.11, Revised Code, makes it mandatory that one-third of the cost of the operation of the county engineer's office be paid from the general fund. This contention is based upon a misinterpretation of that section.

Section 315.11, Revised Code, provides that the engineer's office "shall be furnished with all necessary cases and other suitable articles at the expense of the county. Such office shall also be furnished with all tools, instru-

ments, books, blanks, and stationery necessary for the proper discharge of the official duties of such engineer. The cost and expense of such equipment shall be allowed and paid from the general fund of the county upon the approval of the board.''

The salary of the county engineer is payable from the general revenue fund. See 3 Opinions of Attorney General (1939), 2334, No. 1572.

However, Section 315.12, Revised Code, provides:

''Two thirds of the cost of operation of the office of county engineer, including the salaries of all of the employees and the cost of the maintenance of such office as provided by the annual appropriation made by the board of county commissioners for such purpose, shall be paid out of the county's share of the fund derived from the receipts from motor vehicle licenses * * * and from the county's share of the fund derived from the motor vehicle fuel tax * * *.''

These provisions do not state, and in the absence of specific language, do not mean that one-third of the cost of the office of the county engineer is required to be paid from the general revenue fund. This section means that at least two-thirds of the cost of the office of the county engineer must be paid from motor vehicle license and fuel tax revenues. This language does not require any of the cost, except that specifically stated in Section 315.11, *supra*, be paid from the general revenue fund.

The decision of the Board of Tax Appeals with regard to this question is, therefore, neither unreasonable nor unlawful.

The fourth and fifth assignments of error raised by the appellants are without merit.

At a hearing before the Board of Tax Appeals, it is proper that the witnesses on behalf of the political subdivisions be permitted to testify to the facts as they exist at the time of the hearing before the board. That changes in the facts have occurred since the original hearing by the budget commission is no reason to preclude the wit-

nesses from stating the actual facts as they exist at the time of the hearing before the Board of Tax Appeals. *Brook Park* v. *Budget Comm.*, 16 Ohio St. 2d 119, paragraph three of the syllabus.

Likewise, the Board of Tax Appeals may accept the amended official certificate of estimated resources issued by the Budget Commission of Scioto County on January 1, 1968, as evidence of other sources of income.

It is the obligation of the Board of Tax Appeals to determine the facts with regard to the needs and tax resources of the subdivision at the time of the hearing before the Board of Tax Appeals, even though such needs and such resources have changed since the hearing before the budget commission.

The action of the Board of Tax Appeals with regard to these questions is neither unreasonable nor unlawful. *Brook Park* v. *Budget Comm.*, 16 Ohio St. 2d 119, paragraph three of the syllabus.

The decision of the Board of Tax Appeals is, therefore, reversed in part and affirmed in part and the cause is remanded to the Board of Tax Appeals for a redetermination and allocations in accordance with this opinion.

*Decision affirmed in part and reversed in part.*

TAFT, C. J., ZIMMERMAN, MATTHIAS and SCHNEIDER, JJ., concur.

HEERBERT and DUNCAN, JJ., not participating.