CITY OF NEW BOSTON ET AL., APPELLANTS, *v.* SCIOTO
COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as New Boston v. Budget Comm., 20 Ohio St. 2d 155.]

(No. 69-299—Decided December 23, 1969.)

*Mr. Franklin T. Gerlach,* for appellant.

*Mr. Charles L. Huddleston, Jr., Mr. Harry T. Herd-,
man* and *Mr. Edward V. Leach, Jr.,* city solicitor, for appellees.

TAFT, C. J. This is an appeal by New Boston from an allocation by the Board of Tax Appeals of the local government fund of Scioto County for the year 1968.

In *Bd. of County Commrs.* v. *Budget Comm.* (1969), 17 Ohio St. 2d 39, 244 N. E. 2d 888, this court reversed in part a decision by the Board of Tax Appeals allocating the local government fund for Scioto County for 1968 and remanded the cause to the board for a reallocation of the fund in accordance with our opinion.

New Boston complains because the Board of Tax Appeals, in making that reallocation and in determining the "amount needed" by Portsmouth "in addition to revenues available from all other sources," deducted from such re-

venues income tax revenues of $260,000 as "revenues which" Portsmouth "receives from an additional tax * * * voted by its electorate." See *New Boston* v. *Scioto County Budget Comm.*, *ante* 151, for a discussion of basis for such a deduction.

In its original allocation, the Board of Tax Appeals made no such deduction from revenues available to Portsmouth. Portsmouth did not appeal from that allocation, although others did. It is therefore now estopped by the previous decision of the board, which necessarily determined that no such deduction should be made. To hold otherwise, as this appeal demonstrates, could lead to endless litigation.

The decision of the Board of Tax Appeals is reversed and the cause is remanded to that board, with instructions to eliminate the foregoing deduction of income tax revenues from revenues available to Portsmouth, in making the reallocation ordered by the mandate which we issued to carry out our opinion reported at 17 Ohio St. 2d 39.

*Decision reversed.*

MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.